IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CENDANT MORTGAGE CORPORATION, ) | |
| ) | No. 2001-0077 |
| Plaintiffs, ) | |
| v. ) | ACTION FOR DEBT AND |
| ) | FORECLOSURE |
| MICHAEL T. KORLESKI, CYNTHIA M. KORLESKI, ) | |
| MERRILL LYNCH CREDIT CORPORATION, LPP ) | |
| MORTGAGE. LTD., ESTATE VISTA CONCORDIA ) | |
| HOMEOWNERS ASSOCIATION, INC., WHITE ) | |
| CLIFFS, INC., STO FLORIDA INDUSTRIES MCA ) | |
| STO, CHARLES L. JENKINS, D.A. LOMAX and ) | |
| DIANE H. LOMAX, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Motion of Cross-Claim Defendant Merrill Lynch Credit Corporation [hereinafter "MLLC"] for relief from this Court's Amended Order Confirming Sale *Nunc Pro Tunc*. The object of this motion is to avoid having MLLC pay stamp taxes to have a deed recorded.

**I.     Background**

On May 1, 2001, Plaintiff Cendant Mortgage Corporation [hereinafter "Cendant"], which has since changed its name to PHH Mortgage Corporation, filed this suit alleging that it was the holder in due course and owner of the Mortgage on Plot No. 96 of Estate Concordia, Queen Quarter, St. Croix, United States Virgin Islands, and the corresponding Note.  According to Cendant, it acquired such interest by assignment without recourse from MLLC on April 13, 2001.  Judgment was entered in Cendant's favor on June 26, 2002.  Pursuant to a Writ of Execution, on October 5, 2004, a public sale was held, and Cendant bought Plot No. 96.  On

December 23, 2004, Cendant filed a Motion for Order Confirming Sale in which it asked the Court to issue and Order confirming the sale of Plot No. 96 to Cendant. However, the proposed Order attached to such motion, which the Court entered on December 27, 2004, indicated that Plot No. 96 was purchased by MLLC, rather than Cendant. Cendant filed a Motion to Amend the Order Confirming Sale to correct this error on October 12, 2005. The Court granted such motion on October 14, 2005, confirming the sale to Cendant, rather than MLLC, *nunc pro tunc.*

In its Motion for Relief from Amended Order Confirming Sale *Nunc Pro Tunc,* MLLC, without offering any supporting documentation, claims that MLLC, rather than Cendant, purchased Plot No. 96 at the marshal sale on October 5, 2004. MLLC further states that when the Marshal's Deed that named Cendant as grantee was recorded, MLLC, paid the Virgin Islands stamp tax, and that if Cendant now transfers the property to MLLC, MLLC will have to pay the stamp tax a second time. To avoid paying the stamp tax, MLLC asks the Court to enter a second Order Confirming Sale *Nunc Pro Tunc*, once again naming MLLC as the purchaser of Plot No. 96. With this Order in hand, MLLC will seek a corrected marshal's deed that identifies MLLC as the grantee. The corrected deed would then be recorded in the nature of a corrective deed, thereby presumably avoiding stamp tax.

**II.     Discussion**

MLLC moves for relief pursuant to Rule 60(a) and 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(a) allows for the corrections of clerical mistakes and mistakes arising from oversight or omission. MLLC has failed to convince the Court that the parties or the Court have made any mistakes that remain uncorrected. The Court entered an original Order Confirming Sale which mistakenly named MLLC as purchaser. Upon Cendant's motion that error was corrected years ago.

Rule 60(b)(5) allows the Court to relieve a party from an order, when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  MLLC asks the Court to name it as purchaser *nunc pro tunc*, because circumstances have changed that would require relief in equity.  Yet MLLC admits that, via an agreement between Cendant and MLLC, extant since January 28, 2000, MLLC has always been the ultimate intended beneficiary of the instant foreclosure action.  Therefore, there has been no interim change in the relationship between the parties that would warrant the Court invoking its equitable power under Rule 60(b)(5).

Finally, the Court is concerned that MLLC, who is only a cross-claim Defendant, concerning a cross-claim that, according to MLLC, has been resolved, may no longer have a stake in this suit.  The Court is troubled that Cendant, now PHH Mortgage Corporation, the Plaintiff in this action, and present owner of Plot No. 96, has neither moved the Court to change the name of the purchaser, or indicated that it joins in MLLC's motion.  Thus, this motion is before the Court in this peculiar procedural posture.

### III.    Conclusion

MLLC has moved this Court, pursuant to Rules 60(a) and 60(b)(5) for an Order confirming the sale of Plot No. 96 on October 5, 2004 *nunc pro tunc* to MLLC.  Becaues MLLC has failed to establish that relief is warranted pursuant to Rule 60(a) or 60(b)(5), or otherwise, its Motion for Relief from Amended Order Confirming Sale *Nunc Pro Tunc* is **DENIED.**

                                        ENTER:


DATED: October 2, 2008                  _____/s/_____
                                        RAYMOND L. FINCH
                                        DISTRICT JUDGE